UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Shavetta Linton, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-2144 |
| | § | |
| | § | |
| Daybreak Venture, LLC | § | |
| Defendant. | § | A JURY IS DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SHAVETTA LINTON ("Linton"), and files this her Original Complaint complaining of Defendant Daybreak Venture, LLC ("Daybreak") and in support thereof would show the Court as follows:

## I.
## PARTIES

1.      The Plaintiff Linton is an individual who resides in Huntsville, Texas.

2.      The Defendant Daybreak is a Limited Liability Corporation headquartered in Amarillo, Texas. It may be served by serving its registered agent Amarillo Corporate Services, LLC at 500 S. Taylor, Suite 1100, LB 219 Amarillo, Texas 79101.

## II.
## JURISDICTION

3.      This case is brought under The Americans with Disabilities Act, 42 U.S. Code § 12101. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.      Venue is invoked pursuant to 28 U.S.C. § 1391.

## III.
## FACTS

5.      Linton served as a Licensed Vocational Nurse for Willis Nursing & Rehabilitation ("Willis"), from September 2010 to June 2014. Daybreak is the General Partner for Willis.

6.      Before gaining employment with Willis, in March of 2007, Linton was diagnosed with sudden progressive hearing loss. Categorized by mild problems with very bass frequencies (250 – 500 Hz). Speech testing indicated a word understanding in the 20% range but with visual clues Linton's understanding was in the 90 to 100% range. This hearing loss did not prevent her from completing her job duties.

7.      Linton faithfully carried out her job duties without incident until Valerie Chartier ("Chartier"), Nursing Home Administrator, took in upon herself to treat Linton as disabled.

8.      On January 14, 2014, Linton, received a signed memo from Chartier, which

stated:

> On January 14, 2014, at 2:00 p.m. in the presence of Codi Haggard,
> RN, DON, I spoke with Shavetta Linton, LVN, about my concern that
> she cannot hear me when I speak behind her, and that this affects her
> ability to care for her patients. I requested that she have an audiology
> exam done immediately and bring me the results so that we can
> ascertain her ability to use the telephone and what accommodations
> we can make to assist her in doing her job. We discussed that that one
> of the physicians seeing residents in the nursing home has refused to
> talk to Shavetta because of the difficulty he has had communicating
> with her. Shavetta agreed to call the Department of Assistive and
> Rehabilitative Services (DARS) to schedule an audiology exam
> immediately, and notify me of the date of the scheduled exam.

9.      Linton informed Cartier that she was satisfactorily completing her job duties

and that she did not need any accommodations, however, Cartier insisted that

Linton take the audiology exam.

10.     Prior to the January 14, 2014, letter Cartier would make consistent remarks

in regards to Linton's hearing.

11.     Linton took the requested audiology exam on January 20, 2014.

12.     After taking the exam Cartier instructed Linton to no longer use the

telephones at Willis and to communicate with staff in person or via text. Cartier

took no further action regarding any alleged accommodation.

13.    Over a year passed without incident however, unexplainably in June of 2015, Cartier disciplined Linton in direct contradiction of her pervious directives to not use the phones.

14.    On June 11, 2015, due to Linton's pregnancy, Cartier took Linton off the schedule and required her to get a physician's note to return to work.

15.    Within a 30-day period Cartier disciplined Linton three times triggering Linton's termination per Willis' policy.

16.    Cartier continually harassed Linton in the form of unwarranted disciplinary actions due to Cartier's perception of Linton's disability. This harassment in addition to Cartier's disparate treatment of Linton led to Linton's termination.

## IV.
## CAUSES OF ACTION

12.    The Defendant's conduct violates the Americans with Disabilities Act, which prohibits discrimination in employment on the basis of disability.

13.    The plaintiff timely filed a charge of discrimination to challenge the disability discrimination she suffered. She has received a right to sue letter on this charge and timely files this lawsuit to vindicate her rights.

## V.
## PRAYER

14.    The plaintiff asks this court to enter a judgment:

1. Declaring that the acts and practices described in this Complaint are in violation of the Americans with Disabilities Act.

2. Enjoining and permanently restraining these violations of the Americans with Disabilities Act;

3. Directing the defendant to pay plaintiff actual and compensatory damages that she suffered, past and future;

4. Awarding plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

5. Awarding plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

6. Awarding plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

7. Awarding plaintiff such other relief, legal or equitable, as may be warranted.

Respectfully Submitted,

Ike Okorafor
State Bar No. 24071773
Federal I.D. No. 1803429
7324 Southwest Freeway
Suite 1427

Houston, Texas 77074
Telephone: (281) 803-9774
Email: Ike@Okoraforlaw.com